TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**Case No. 21-cv-1073**

**UNITED STATES DISTRICT COURT
CONNECTICUT**
--------------------------------------------------------X
SHANGMING LU, and
MARIA OLGA LLIGUICOTA,
*on their own behalf and on behalf of others similarly situated*

                                        Plaintiffs,
                        v.
DIAMOND NAIL & SPA CT INC
    d/b/a Diamond Nail & Spa;
YAN ZHI LIU
    a/k/a Yanzhi Liu,
YUE ZHU CHEN
    a/k/a Yuezhu Chen, and
MICHELLE "DOE"

                                        Defendants.
--------------------------------------------------------X

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

        Plaintiffs SHANGMING LU, and MARIA OLGA LLIGUICOTA (hereinafter referred

to as Plaintiffs), on behalf of themselves and others similarly situated, by and through

their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants

DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa, YAN ZHI LIU a/k/a Yanzhi

Liu, YUE ZHU CHEN a/k/a Yuezhu Chen, and MICHELLE DOE, and allege as follows:

## INTRODUCTION

        1.        This action is brought by the Plaintiffs SHANGMING LU, and MARIA

OLGA LLIGUICOTA, on behalf of themselves as well as other employees similarly

situated, against the Defendants for alleged violations of the Fair Labor Standards

Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act

("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.      Plaintiffs further allege pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that they are entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

5.      Beginning at some date after the commencement of this action Defendants DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa; YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen; and MICHELLE "DOE" assumed the ownership of Diamond Nail & Spa, from Non-Defendants Greenwich Nail & Spa LLC; Greenwich Diamond Nails & Spa Inc; Gui Biao Qi; Elaine Bao; and

Jose F. Rojas, which continue to be located at 107 Greenwich Avenue, Greenwich, CT 06830.

6.     Plaintiffs alleges that Defendants DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa, and YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and MICHELLE DOE, its agents and officers, is liable in this action on a theory of successor liability.

7.     As stated herein, Plaintiffs bring this federal and state labor claims against Defendants DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa, and YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and MICHELLE DOE through successor liability.

**JURISDICTION AND VENUE**

8.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

9.     Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFFS**

10.     From on or about, December 01, 2016 through on or about March 16, 2020, Plaintiff SHANGMING LU was employed by Defendants to work as a nail salon worker at Defendants' nail salon located at 107 Greenwich Avenue, Greenwich, CT 06830, and also to drive employees to and from work in a company van.

11.     From on or about January 01, 2012 through on or about October 03, 2019, Plaintiff MARIA OLGA LLIGUICOTA was employed by Defendants to work as a manicurist at Defendants' nail salon located at 107 Greenwich Avenue, Greenwich, CT 06830.

## DEFENDANTS

### *Corporate Defendants*

12.     DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa is a domestic limited liability company organized on January 23, 2009 under the laws of the State of Connecticut with a principal address at 107 Greenwich Avenue, Greenwich, CT 06830.

13.      DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa is and was during all times relevant to this lawsuit a business engaged in interstate commerce with gross sales in excess of $500,000.00 per year.

14.     DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa purchased and handled goods moved in interstate commerce throughout the period relevant to this lawsuit.

### *Corporate Non-Defendants*

15.     GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa was a domestic limited liability company organized under the laws of the State of Connecticut.

16.      GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa was during the period relevant to this lawsuit a business engaged in interstate commerce with gross sales in excess of $500,000.00 per year.

17.     GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa purchased and handled goods moved in interstate commerce during the period relevant to this lawsuit.

18.     GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa is a domestic business corporation organized under the laws of the State of Connecticut.

19.     GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa was during the period relevant to this lawsuit a business engaged in interstate commerce with gross sales in excess of $500,000.00 per year.

20.     GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa purchased and handled goods moved in interstate commerce during the period relevant to this lawsuit.

### Owner/Operator Defendants

21.     Upon information and belief, YAN ZHI LIU a/k/a Yanzhi Liu, known as President and the Registered Agent of DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

22.     YAN ZHI LIU a/k/a Yanzhi Liu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is

jointly and severally liable with DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

23.     Upon information and belief, YUE ZHU CHEN a/k/a Yuezhu Chen, known as Vice President of DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

24.     YUE ZHU CHEN a/k/a Yuezhu Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

25.     Upon information and belief, MICHELLE "DOE", known as Manager of DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

26.     MICHELLE "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is

jointly and severally liable with DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa.

### Non-Defendants

27.     ELAINE BAO was throughout its existence the managing member of GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa and also manager at GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nails & Spa involved in day to day activities (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined employee rate and method of payment, and (4) maintained employee records at GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa and GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa.

28.     ELAINE BAO actually fired Plaintiff MARIA OLGA LLIGUICOTA

29.     ELAINE BAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, CMWA Sec. 31-58(d), and is jointly and severally liable with DIAMOND NAIL SALON, LLC d/b/a Diamond Nail & Spa, GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa, GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa.

30.     GUIBIAO QI was the Registered Agent and President of GREENWICH DIAMOND NAILS & SPA INC. d/b/a Diamond Nail & Spa and was an active day-to-day manager at Diamond Nail & Spa, known as "Boss" to the Plaintiffs, and in those roles (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) deter-mined employee

rate and method of payment, and (4) maintained employee records at GREENWICH

NAILS & SPA, LLC d/b/a Diamond Nail & Spa and GREENWICH DIAMOND NAILS

& SPA INC. d/b/a Diamond Nail & Spa.

31.    GUIBIAO QI hired SHANGMING LU and determined Plaintiffs' rate of

pay.

32.    GUIBIAO QI acted intentionally and maliciously and was an employer

pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29

C.F.R. § 791.2, CMWA Sec. 31-58(d), and is jointly and severally liable with

DIAMOND NAIL SALON, LLC d/b/a Diamond Nail & Spa, GREENWICH NAILS &

SPA, LLC d/b/a Diamond Nail & Spa, GREENWICH DIAMOND NAILS & SPA INC.

d/b/a Diamond Nail & Spa.

33.    GUIBIAO QI and ELAINE BAO are husband and wife

34.    QI and BAO jointly operated Non-Corporate Defendants GREENWICH

NAILS & SPA, LLC and GREENWICH NAILS & SPA LLC, both of which did business

as Diamond Nails & Spa

## STATEMENT OF FACTS

### Corporate Defendant Is a Successor to Corporate Non- Defendant

35.    Corporate Defendant and Corporate Non-Defendant operate Diamond

Nails & Spa at 107 Greenwich Avenue, Greenwich, CT 06830

36.    On or around February 20, 2020 DIAMOND NAIL & SPA CT INC d/b/a

Diamond Nails & Spa was incorporated as a Domestic Business Corporation

according to the Connecticut Department of State

37.     According to the Connecticut Department of State, GREENWICH DIAMOND NAILS & SPA INC d/b/a Diamond Nail & Spa Annual Report Due Date is October 11, 2020.

38.     Upon information and belief, between February 20, 2020 and October 11, 2020 both GREENWICH DIAMOND NAILS & SPA INC d/b/a Diamond Nails & Spa and DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa were operating concurrently.

39.     Upon information and belief, after October 11, 2020 DIAMOND NAIL & SPA CT INC d/b/a Diamond Nail & Spa began operating Diamond Nail & Spa on its own.

40.     At the time of the changeover, upon information and belief, all the employees continued to work for DIAMOND NAIL & SPA CT INC d/b/a Diamond Nails & Spa with no interruption in operation, using the same location and materials to serve the same customers

41.     During the time that both corporations were operating concurrently, both corporations shared a high degree of interrelated and uniformed operation, common ownership in the persons of Defendants YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and MICHELLE DOE and Non Defendants ELAINE BAO and GUIBIAO QI, common management in the persons of Corporate Defendants YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and MICHELLE DOE and Non Defendants ELAINE BAO and GUIBIAO QI, centralized control of labor relations conducted by Corporate Defendants YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and MICHELLE DOE and Non

Defendants ELAINE BAO and GUIBIAO QI, common control by Corporate

Defendants YAN ZHI LIU a/k/a Yanzhi Liu; YUE ZHU CHEN a/k/a Yuezhu Chen and

MICHELLE DOE and Non Defendants ELAINE BAO and GUIBIAO QI, common

business purpose and interrelated business goals.

42.    Corporate Defendants share the same address for business and the

same phone numbers.

43.    Corporate Defendants and Non-Corporate Defendants had a gross

annual revenue in excess of five hundred thousand dollars ($500,000.00).

44.    At all relevant times, the work performed by plaintiffs was directly

essential to the business operation by Corporate Defendant.

<u>**Wage and Hour Claims**</u>

45.    Plaintiffs filed a complaint alleging the below states facts on December

29, 2019.

46.    The Complaint was filed against DIAMOND NAIL SALON, LLC d/b/a

Diamond Nail & Spa, GUI BIAO QI, ELAINE BAO, and JOSE ROJAS.

47.    The case was filed in the United States District Court of Connecticut

and was numbered 19-cv-02017.

48.    Defendants committed the following alleged acts knowingly,

intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the

Class.

49.    At all relevant times, Defendants knowingly and willfully failed to pay

Plaintiffs and similarly situated employees at least the Connecticut minimum wage for

each hour worked.

50.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

51.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees' overtime.

52.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

53.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

54.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

55.     Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### Plaintiff SHANGMING LU

56.     From on or about December 01, 2016 through on or about March 16, 2020, SHANGMING LU has been employed by Defendants to work as a nail salon worker at Defendants' nail salon located at 107 Greenwich Avenue, Greenwich, CT 06830, and also to drive employees to and from work in a company van.

57.     From in or around December 2016 through on or about January 31, 2019, Plaintiff SHANGMING LU's regular work schedule ran as follow:

    a. 08:10 through 09:30 (when he drove the nail salon's employee transportation van from the pickup location to the salon) for one and one third (1 1/3) hours each day for at least three (3) days per week and four (4) hours each week;

    b. 09:30 to 19:30 for ten (10) hours per day from Wednesday through Sunday for five (5) days and fifty (50) hours per week.

58.     From in or around December 2016 through on or about January 31, 2019, Plaintiff SHANGMING LU had Mondays and Tuesdays off.

59.     As a result, Plaintiff SHANGMING LU worked for a total of fifty-four (54) hours each week.

60.     In addition, during the working days, SHANGMING LU would be required to stay after the working hours for around fifteen (15) minutes per day.

61.     From on or about February 01, 2019 through on or about March 16, 2020, SHANGMING LU's regular work schedule ran as follows:

    a. 08:10 through 09:30 on Wednesday for one (1) day each week; and

    b. 09:30 through 19:30 on Wednesday, Friday, Saturday, and Sunday for four (4) days, or forty (40) hours each week with Monday, Tuesday, and Thursday off.

62.     As a result, from or on about January 01, 2019 through on or about March 16, 2020, Plaintiff SHANGMING LU worked forty-one and one third (41 1/3) hours each week.

63.    At all relevant times, during both of the working periods described above, SHANGMING LU had no fixed lunch break or rest time.

64.    Instead, SHANGMING LU had 10 minutes to eat lunch and even then, he was on call, meaning that if customer comes, his break stopped and he had to do his massage work.

65.    At all relevant times, SHANGMING LU was paid fifty dollars ($50.00) per day, and an additional twenty dollars ($20.00) a day if he drove the company's transportation van.

66.    Plaintiff was not paid any wage at all from April 1, 2019 to April 12, 2019.

67.    At all relevant times, Plaintiff SHANGMING LU was not paid overtime pay for overtime work.

68.    At all relevant times, Plaintiff SHANGMING LU was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

69.    Throughout his employment, Plaintiff SHANGMING LU was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

70.    Moreover, on February 2, 2019, Plaintiff SHANGMING LU had a car accident while driving his Boss's car and Non-Defendant GUIBIAO QI asked Plaintiff SHANGMING LU to pay for the loses.

71.    Plaintiff SHANGMING LU agreed to pay Two Hundred Dollars ($200.00) per month. In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe SHANGMING LU

wages promised to his in the amount of around Three Hundred and Forty Dollars ($340.00).

### Plaintiff MARIA OLGA LLIGUICOTA

72.     From on or about January 01, 2012 through on or about October 03, 2019, Plaintiff MARIA OLGA LLIGUICOTA was employed by Defendants to work as a manicurist at Defendants' nail salon located at 107 Greenwich Avenue, Greenwich, CT 06830.

73.     From on or about 2012 to on or around April 2018 MARIA OLGA LLIGUICOTA's regular work schedule ran from 09:30 to 19:30 on Tuesday, Thursday, Friday, Saturday and Sunday for Ten (10) hous a day for five (5) days a week without any break for a total of fifty (50) hours each week.

74.     In addition, during the working days, Plaintiff MARIA OLGA LLIGUICOTA would be required to stay after the working hours for around fifteen (15) minutes per day.

75.     From in or around May 2018 to on or about October 3, 2019, Plaintiff MARIA OLGA LLIGUICOTA's regular work schedule ran from 09:30 to 19:30 for Four (4) days a week for Ten (10) hours a day without any break. for a total of 40 hours each week.

76.     In addition, during the working days, Plaintiff MARIA OLGA LLIGUICOTA would be required to stay after the working hours for around fifteen (15) minutes per day.

77.     At all relevant times, Plaintiff MARIA OLGA LLIGUICOTA did not have a fixed time for lunch.

78.     In fact, Plaintiff MARIA OLGA LLIGUICOTA had fifteen (15) minutes to eat and even then, she was on call, meaning that if customer came into the store, her break stopped and she had to continue to work.

79.     From January 1, 2012 to December 31, 2014 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Sixty Dollars ($60.00) per day in cash.

80.     From January 1, 2015, to December 31, 2019 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Sixty-Five Dollars ($65) per day in cash.

81.     From January 1, 2016 to December 31, 2016 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Seventy Dollars ($70) per day in cash.

82.     From January 1, 2017 to December 31, 2019 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Seventy-Five ($75) per day in cash.

83.     From January 1, 2018 to December 31, 2018 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Eighty Dollars ($80) per day in cash.

84.     From January 1, 2019 to October 3, 2019 2018 Plaintiff MARIA OLGA LLIGUICOTA was paid a flat compensation at a rate of Nighty Dollars ($90) per day in cash.

85.     At all relevant times, Plaintiff MARIA OLGA LLIGUICOTA was not paid overtime pay for overtime work.

86.     At all relevant times Plaintiff MARIA OLGA LLIGUICOTA was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

87.     Plaintiff MARIA OLGA LLIGUICOTA was paid every Sunday along with the other employees.

88.     Throughout her employment, Plaintiff MARIA OLGA LLIGUICOTA was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

## Successor Liability

89.     Upon information and belief, there is substantial continuity in the business under new owners and operators, including but not limited to continuity in: physical location, assets, general business operations, clientele, equipment and advertising.

90.     Upon information and belief, Individual Defendants YUE ZHU CHEN a/k/a Yuezhu Chen and YAN ZHI LIU a/k/a Yanzhi Liu were aware of state and federal labor laws regarding minimum wage and overtime pay, and deliberately continued the practice of ignoring those laws.

91.     Upon information and belief, Defendants YUE ZHU CHEN a/k/a Yuezhu Chen and YAN ZHI LIU a/k/a Yanzhi Liu had actual notice of previous owners of Diamond Nail & Spa's labor violations against their employees prior to purchasing DIAMOND NAIL SALON, LLC d/b/a Diamond Nail & Spa from the previous owners.

92.     Upon information and belief, Non-Defendants Bao and Qi transferred ownership and control to Defendants YUE ZHU CHEN a/k/a Yuezhu Chen and YAN ZHI LIU a/k/a Yanzhi Liu in order to avoid any permanent loss of assets as a result of

a ruling in Case Number 19-cv-02017.

## COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

94.     Plaintiffs bring their Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

95.     All said persons, including Plaintiffs, are referred to herein as the "Class."

96.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from

Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### Numerosity

97.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### Commonality

98.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiffs and the Class within the meaning of the Connecticut law;

b.     Whether Plaintiffs and Class members are entitled to and paid minimum wage and overtime under the CMWA;

c.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

99.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of

failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

100.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

101.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication

of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

102.    Upon information and belief, Defendants and other employers throughout the state violate the CMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
### **[Violations of the Fair Labor Standards Act—Unpaid Wage Brought on behalf of the Plaintiffs and the FLSA Collective]**

103.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the hours they worked.

105.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

106.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [CMWA Minimum Wage Violations
### On Behalf of Plaintiff and Rule 23 Class]

107.    At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

108.    This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

109.    Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

110.    Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

111.   Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

112.   Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

113.   Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

114.   Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

115.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a

rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

117.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

118.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

119.   At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

120.   The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

121.   Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

122.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due

and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [CMWA Overtime Violations
### On Behalf of Plaintiff and Rule 23 Class]

123.    At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

124.    This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

125.    Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

126.    Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

127.    Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

128.    Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

129.    Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary

and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so.  Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and CMWA due Plaintiffs and the Collective Action members plus compensatory and liquidated damages;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i)      The cost and disbursements of this action;

j)      An award of prejudgment and post-judgment fees;

k)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.


Dated: July 23, 2021
    Flushing, New York


                                    TROY LAW, PLLC

*Attorneys for the Plaintiff, proposed FLSA*
*Collective and Proposed Class Plaintiffs*
By: _____/s/*John Troy*_____
John Troy
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com