```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------X
                              :
SHANGMING LU and MARIA OLGA    :     Civil No. 3:21CV01073(SALM)
LLIGUICOTA                    :
                              :
v.                            :
                              :
DIAMOND NAIL & SPA CT INC.,   :     August 19, 2022
et al.                        :
                              :
------------------------------X
```

## RULING ON MOTION TO DISMISS [Doc. #48]

Defendant Diamond Nail & Spa CT Inc. ("Diamond Nail & Spa" or the "corporate defendant") has filed a motion seeking to "dismiss this Action under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be had." Doc. #48 at 1. Plaintiffs have filed a memorandum in opposition to Diamond Nail & Spa's Motion to Dismiss. [Doc. #57].

Diamond Nail & Spa has also filed a Motion to Stay [Doc. #50] discovery in this action pending resolution of the Motion to Dismiss, to which plaintiffs filed a response [Doc. #58]. For the reasons set forth herein, Diamond Nail & Spa's Motion to Dismiss [**Doc. #48**] is **DENIED.** Diamond Nail & Spa's Motion to Stay [**Doc. #50**] is **TERMINATED, as moot,** in light of the Court's Order denying its Motion to Dismiss.

## I. Background

Plaintiffs in this matter have filed two separate actions in this District asserting violations of the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"). See Doc. #1; see also Lliguicota v. Diamond Nail Salon, LLC, et al., 3:19CV02017(SALM) (D. Conn. Dec. 29, 2019) (the "2019 Action").

### A. The 2019 Action

Plaintiffs Shangming Lu and Maria Olga Lliguicota filed the 2019 Action on December 29, 2019. See 2019 Action, Doc. #1. The original complaint in the 2019 Action named Diamond Nail Salon, LLC; Gui Biao Qi; Elaine Bao; and Jose Rojas as defendants. See id.

Plaintiffs filed an Amended Complaint on December 29, 2020. See 2019 Action, Doc. #37. The Amended Complaint maintained claims against all defendants named in the original complaint, and named Greenwich Nails & Spa, LLC, and Greenwich Diamond Nails & Spa Inc. as additional defendants in the 2019 Action. See id. In the Amended Complaint, plaintiff Lu asserted claims for violations of the CMWA and FLSA from December 1, 2016, through March 16, 2020. See id. at 3. Plaintiff Lliguicota asserted claims for violations of the FLSA and CMWA from January 1, 2012, through October 3, 2019. See id.

Plaintiff Shangming Lu, who had been represented by counsel in the 2019 Action when it was initiated, filed a Notice of Pro Se Appearance on April 14, 2021. See 2019 Action, Doc. #63. The Notice attached a statement from Lu asserting that he had "accepted a satisfactory offer" from the defendants for the amount of $35,000. Id. at 2. Shortly thereafter, defendants filed a motion seeking to enforce that settlement. See 2019 Action, Doc. #68. Judge Victor A. Bolden, then the presiding judge in the 2019 Action, denied the motion, without prejudice, because the parties had failed to provide adequate information to permit the Court to determine whether the settlement should be approved. See 2019 Action, Doc. #76.

The 2019 Action was transferred to the undersigned on December 28, 2021. See 2019 Action, Doc. #128.

Lu and defendants in the 2019 Action filed a renewed motion for approval of the settlement agreement on February 14, 2022. See 2019 Action, Doc. #150. On March 28, 2022, the Court entered an Order approving the settlement. See 2019 Action, Doc. #170 at 9. The Court noted:

> [T]he Settlement Agreement provided to the Court is limited on its face to the following defendants: Elaine Ying Bao; Guibiao Qi, Greenwich Nails & Spa, LLC, and Greenwich Diamond Nails & Spa Inc. See Doc. #150-3 at 1. The docket reflects that defendant Jose F. Rojas remains a named party, as does defendant Diamond Nail Salon, LLC. See Doc. #37 (operative complaint, filed December 29, 2020). Plaintiff Shangming Lu filed a notice confirming that he intends to release all claims against

3

> defendant Diamond Nail Salon, LLC. See Doc. #153. No such notice has been filed as to defendant Jose F. Rojas. However, it is clear to the Court that Shangming Lu does not intend to pursue whatever claims he may have had against defendant Rojas. Accordingly, the Court finds that plaintiff Lu's claims against defendants Diamond Nail Salon, LLC and Jose F. Rojas have been **WITHDRAWN.**

Id. at 8-9. The Court then concluded that "Plaintiff Lu's claims against all defendants are **DISMISSED, with prejudice.**" Id.

While the Court approved the settlement of plaintiff Lu's claims in the 2019 Action, plaintiff Lliguicota unequivocally expressed her desire to continue litigating the 2019 Action, at a conference held by the Court on April 19, 2022. See 2019 Action, Doc. #179.

Following that conference, defendants filed a Motion for Judgment on the Pleadings, which remains pending before the Court. See 2019 Action, Doc. #180. The parties submitted their pre-trial memoranda on July 1, 2022. See 2019 Action, Doc. #200; 2019 Action, Doc. #201. The 2019 Action is now trial ready.

**B.   The 2021 Action**

Plaintiffs Lu and Lliguicota filed their Complaint in the instant action on August 9, 2021. See Doc. #1. The Complaint names Diamond Nail & Spa CT Inc., Yan Zhi Liu, and Yue Zhu Chen as defendants. See id.[1] Plaintiff Lu seeks to hold these

---

[1] Plaintiffs originally also named Michelle Doe as a defendant. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Court terminated Michelle Doe as a defendant after plaintiffs filed a Notice of

4

defendants liable under a theory of successor liability for violations of the FLSA and CMWA from December 1, 2016, through March 16, 2020. See id. at 11. Plaintiff Lliguicota similarly asserts that the defendants in this Action are liable under a theory of successor liability for violations of the FLSA and CMWA from January 1, 2012, through October 3, 2019. See id. at 14.

This matter was transferred to the undersigned on January 21, 2022. See Doc. #32.

On April 26, 2022, in response to a motion from plaintiffs, the Court entered Diamond Nail & Spa's default. See Doc. #43. On May 11, 2022, counsel appeared on behalf of Diamond Nail & Spa, see Doc. #44, and filed a Motion to Set Aside Default, see Doc. #45. The Court granted Diamond Nail & Spa's Motion to Set Aside Default on August 19, 2022. See Doc. #71.

On May 23, 2022, while Diamond Nail & Spa's Motion to Set Aside Default remained pending, Diamond Nail & Spa filed a Motion to Dismiss, see Doc. #48, and Motion to Stay. See Doc. #50.

---

Voluntary Dismissal of all claims against defendant Doe. See Doc. #36; Doc. #40.

## II. Legal Standard

### A. Rule 12(b)(1)

A defendant may move to dismiss an action for "lack of subject-matter jurisdiction[]" under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III, §2, cl. 1. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), aff'd, 561 U.S. 247 (2010). "[A] motion under Rule 12(b)(1) may ... rely on evidence beyond the pleadings. When a defendant makes such a fact-based motion, the plaintiff may respond with evidence of its own." SM Kids, LLC v. Google LLC, 963 F.3d 206, 210 (2d Cir. 2020) (citation omitted).

### B. Rule 12(b)(6)

A defendant may also move to dismiss an action for "failure to state a claim upon which relief can be granted[]" under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to

6

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021). In reviewing such a motion, the Court "must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." Kaplan, 999 F.3d at 854 (citations omitted). In short, the Court's "role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint -- apart from any of its conclusory allegations -- alleges enough facts to state a plausible claim for relief." Taylor Theunissen, M.D., LLC v. United HealthCare Grp., Inc., 365 F. Supp. 3d 242, 246 (D. Conn. 2019).

"[W]hile this plausibility pleading standard is forgiving, it is not toothless. It does not require [the Court] to credit legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement." Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (citation and quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).

### III. **Discussion**

Diamond Nail & Spa moves to dismiss plaintiffs' Complaint on the grounds that "the claims in the Instant Matter are (1) settled as to Plaintiff Shangming Lu; (2) are barred by the Prior Pending Action Doctrine; and (3) are barred by the applicable statutes of limitations." Doc. #48 at 1. Each argument fails.

    **A.**    **Settlement**

Diamond Nail & Spa asserts that dismissal is warranted because "[t]he Matter was Settled and the Court Entered Judgment Approving the Settlement[.]" Doc. #48-1 at 5. To support this argument, Diamond Nail & Spa points to the affidavit filed by Lu in the 2019 Action, which states: "I understand that I cannot file another complaint regarding the issues raised in this complaint[.]" Doc. #48-4 at 2.[2]

---

[2] The Court notes that a District Court generally may not "consider[] affidavits and exhibits submitted by defendants," when considering a motion to dismiss under Rule 12(b)(6). United States ex rel. Foreman v. AECOM, 19 F.4th 85, 107 (2d Cir. 2021), cert. denied, 142 S. Ct. 2679 (2022) (citation and quotation marks omitted). Consideration of this affidavit would be proper, however, when deciding a Motion brought pursuant to Rule 12(b)(1). See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (The Court may "consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue[.]"). This Court need not reach whether consideration of this document is proper on this motion, because dismissal is not warranted even if the affidavit were to be considered.

8

Defendant's argument fails. The Settlement Agreement filed in the 2019 Action does not name Diamond Nail & Spa as a releasee. See 2019 Action, Doc. #150-3. A settlement agreement will only bar a plaintiff from bringing claims against someone who is not a party to the agreement "if the parties to the settlement agreement in the first suit intended to release the non-party." Korenblum v. Citigroup, Inc., No. 15CV03383(JMF), 2015 WL 6001275, at *2 (S.D.N.Y. Oct. 14, 2015) (citation and quotation marks omitted); see also Ferguson v. Ferrante, 664 F. App'x 58, 60 (2d Cir. 2016) (applying New York law and holding that "claims against a non-party to the [settlement] Agreement ... w[ere] not barred by the Settlement Agreement's release").

Diamond Nail & Spa was not a party to the 2019 Action Settlement Agreement, and that agreement does not reflect an intention to release plaintiff's claims against Diamond Nail & Spa. Rather, Lu clarified that he intended to include an entity named "Diamond Nail Salon, LLC" in the resolution of his claims. See 2019 Action, Doc. #153. That entity appears as a registered business in the Connecticut Secretary of the State's business database with the Business ALEI 0960792. The defendant in this action is Diamond Nails & Spa CT Inc., which appears as a registered business in the Connecticut Secretary of the State's business database with the Business ALEI 1337794. These are two

different entities. The release of one does not release the other.

Plaintiff Lu's settlement and/or withdrawal of his claims against different defendants, in a different matter, does not require dismissal of his claims against Diamond Nail & Spa in this case.[3] Dismissal is not warranted on this basis.[4]

**B.   Prior Pending Action Doctrine**

Diamond Nail & Spa asserts that this matter should be dismissed under the prior pending action doctrine because:

> The sole difference in the claims in both Actions renders them identical -- theory of successor liability. In other words, Counsel for the Plaintiffs is emphatically stating that the Defendants in this Action have assumed liability for everything complained of in the Prior Action. The Prior Action is scheduled for trial this year. A decision in favor of the defendants in the prior action would determine the Instant Matter favorably to the Defendants in this one because there can be no successor liability if the Court rules in favor of the previous defendants. A decision finding the defendants in the Prior Action liable would have the same preclusive effect.

Doc. #48-1 at 7-8 (sic).

---

[3] The Court notes that even if Lu <u>had</u> agreed to dismiss his claims against Diamond Nail & Spa, that would not result in dismissal of this action because the record does not reflect that plaintiff Lliguicota has entered into <u>any</u> settlement agreement in either this or the 2019 Action.

[4] Defendant also asserts, in conclusory fashion, that "Shangming Lu did not authorize this Action." Doc. #48-1 at 4. However, as plaintiffs point out, "[d]efendants have not provided any evidence to corroborate their allegation the matter was not authorized to be brought." Doc. #57 at 12 (sic). Dismissal is not warranted on this basis.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." Sacerdote v. Cammack Larhette Advisors, LLC, 939 F.3d 498, 504 (2d Cir. 2019) (citations and quotation marks omitted). The rule is properly invoked if the actions are "the same," in other words, there must be "'the same parties ... the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis of the relief sought must be the same.'" Id. (quoting United States v. The Haytian Republic, 154 U.S. 118, 124 (1894)).

"This practice, commonly referred to as the prior pending action doctrine, is intended to avoid conflicting judgments and promote judicial economy." Pagan v. Colon, No. 3:21CV01715(KAD), 2022 WL 834382, at *1 (D. Conn. Mar. 21, 2022); see also Curcio v. Hartford Fin. Servs. Grp., 472 F. Supp. 2d 239, 243 (D. Conn. 2007) ("The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments[.]" (citation and quotation marks omitted)). "The decision whether or not to ... dismiss a proceeding [under the prior pending action doctrine] rests

11

within a district judge's discretion." <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991).

The Court declines to dismiss this matter under the prior pending action doctrine. As an initial matter, judicial efficiency would not be advanced by dismissal of this action. Discovery is closed in the 2019 Action, and a jury trial has been scheduled. If the Court were to dismiss this action, plaintiff Lliguicota would surely move to add the defendants named in this action to the 2019 Action, requiring discovery to be reopened, and delaying resolution of that matter. Plaintiff Lu might also seek to pursue the claims raised in this action in the 2019 Action, which would muddy the waters even further as to his claims. Dismissal of this action under the prior pending action doctrine would hinder, rather than advance, the goal of efficiency.

Furthermore, the risk of inconsistent judgments is minimal. The undersigned is the presiding judge in both this and the 2019 Action, thus eliminating the risk that the Court will unwittingly reach differing conclusions on identical legal issues. To the extent that Diamond Nail & Spa is concerned that a jury verdict in the 2019 Action will create the risk of an inconsistent judgment, it may file a motion seeking relief following the conclusion of trial in the 2019 Action.

12

In sum, the Court finds both that the interests of judicial economy weigh against dismissal of this action under the prior pending action doctrine, and that there is a minimal risk that continuing to litigate this action will result in conflicting judgments. See Curcio, 472 F. Supp. 2d at 243 ("The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments[.]" (citation and quotation marks omitted)). The Court therefore declines to exercise its discretion to dismiss this matter under the prior pending action doctrine. After judgment is entered in the 2019 Action, the parties are free to make appropriate arguments regarding that judgment's effect, if any, on the issues presented in this action.

C.   **Statute of Limitations**

Diamond Nail & Spa asserts that plaintiffs' claims are time-barred. See Doc. #48-1 at 8-9. Claims brought "under the FLSA are generally subject to a two-year statute of limitations. 29 U.S.C. §255(a). But claims ... arising out of an employer's willful violation of the FLSA are subject to a three-year statute of limitations." Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 318 (2d Cir. 2021). "The statute of limitations for violation of the ... CMWA is two years after the cause of action has commenced." Asp v. Milardo Photography, Inc., 573 F. Supp.

13

2d 677, 695 (D. Conn. 2008) (citing Conn. Gen. Stat. §52-596); see also Darowski v. Wojewoda, No. 3:15CV00803(MPS), 2017 WL 6497973, at *5 n.4 (D. Conn. Dec. 19, 2017) ("The CMWA is similar to the FLSA and ordinarily carries a two-year statute of limitations, though the CMWA contains no extension for willful violations.").[5]

Diamond Nail & Spa contends that plaintiffs' claims should be dismissed because "on its face, the Complaint incorporates wage and hour violations from 2018 and prior." Doc. #48-1 at 8.

Plaintiffs brought this action on August 9, 2021. See Doc. #1. The Complaint alleges that defendants violated Lliguicota's rights under the CMWA and FLSA from January 1, 2012, through October 3, 2019. See id. at 14. The Complaint asserts that defendants violated plaintiff Lu's rights under the FLSA and CMWA from December 1, 2016, through March 16, 2020. See id. at 11.

"The cause of action for FLSA ... claims accrues on the next regular payday following the work period when services are rendered." Nakahata v. New York-Presbyterian Healthcare Sys.,

---

[5] The parties dispute whether plaintiff has adequately alleged a willful violation of the FLSA. See Doc. #48-1 at 8-9 (Diamond Nail's Memorandum of Law); Doc. #57 (Plaintiffs' Opposition). This Court need not determine at this time whether defendants' alleged violation of the FLSA was willful, however, because plaintiff has set forth claims falling within the FLSA's two-year limitations period.

Inc., 723 F.3d 192, 198 (2d Cir. 2013). Similarly, under the CMWA "[a] right of action accrues when an employer refuses to compensate an employee according to the terms of an express or implied employment contract." McDougle v. Dakota of Rocky Hill, LLC, No. 3:17CV00245(SRU), 2019 WL 13194184, at *2 (D. Conn. Jan. 16, 2019) (citation and quotation marks omitted). Plaintiffs Lu and Lliguicota assert claims for pay periods through October 2019, and March 2020, respectively. This action was filed on August 9, 2021, and service of process was completed on August 19, 2021. See Doc. #9. Thus, at least some of the alleged FLSA and CMWA violations fall within even the shorter two-year limitations period.

"While Defendant is correct that Plaintiff cannot recover unpaid wages outside the limitations period, the fact that some claims are untimely does not preclude Plaintiff from recovering for that portion of the claim that is timely, because where repeated events give rise to discrete injuries, as in suits for lost wages a plaintiff can recover for those portions of the unpaid wages within the limitations period." Powanda v. Inteplast Grp., Ltd., No. 3:14CV00846(JBA), 2015 WL 1525737, at *2 (D. Conn. Apr. 3, 2015), opinion clarified on denial of reconsideration sub nom. Powanda v. Inteplast Grp., Ltd., L.P., 2015 WL 4078117 (D. Conn. July 6, 2015) (citation and quotation marks omitted)). Plaintiffs may ultimately be unable to recover

damages for the portions of their claims which accrued outside the limitations period. They have plainly set forth claims, however, which are timely under the FLSA and CMWA. Dismissal is not warranted on this basis.[6]

## IV. Conclusion

For the reasons set forth herein, Diamond Nail & Spa's Motion to Dismiss [**Doc. #48**] is **DENIED**. Diamond Nail & Spa's Motion to Stay [**Doc. #50**] is hereby **TERMINATED, as moot** in light of the Court's Order denying its Motion to Dismiss.

It is so ordered at Bridgeport, Connecticut, this 19th day of August, 2022.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES DISTRICT JUDGE

---

[6] In light of the Court's finding that Diamond Nail & Spa's Motion to Dismiss fails on the merits, the Court does not reach plaintiff's argument that Diamond Nail & Spa's Motion to Dismiss is untimely. See Doc. #57 at 10.