UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANGMING LU, ET AL.,<br>    *Plaintiffs*,<br><br>           v.<br><br>DIAMOND NAIL & SPA CT INC. ET AL.,<br>    *Defendants*. | No. 3:21-cv-1073 (VAB) |

**RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

Diamond Nail & Spa CT Inc., d/b/a/ Diamond Nail & Spa, Yan Zhi Liu, and Yue Zhu Chen (collectively, "Defendants") have been sued for alleged violations of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA") and now move for summary judgment. *See* Mot. for Summ. J., ECF No. 83 (May 24, 2023) ("Mot.").

Defendants, however, have failed to allege any relevant new facts or arguments since their motion to dismiss was denied. Their main argument, which the Court already rejected, remains the same: that the same plaintiffs brought a prior action against a different—but similarly named—defendant and that should bar Plaintiffs' claim here.

For the following reasons, Defendants' motion for summary judgment is **DENIED.**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Court will assume familiarity with the factual and procedural background of this case. *See* Ruling and Order on Mot. to Dismiss, ECF. No 72 (Aug. 19, 2022).

**II.     STANDARD OF REVIEW**

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient evidence to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in the original).

"[T]he substantive law will identify which facts are material." *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*; *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." (citing *Anderson*, 477 U.S. at 248)).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the non-moving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).

The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

2

*Anderson*, 477 U.S. at 250 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

When deciding a motion for summary judgment, a court may review the entire record, including the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other evidence on file to determine whether there is any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pelletier v. Armstrong*, No. 3:99-cv-1559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007). In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in [his] favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

**III.   DISCUSSION**

In its ruling on Defendants' motion to dismiss, the Court already held:

> The Settlement Agreement filed in the 2019 Action does not name Diamond Nail & Spa as a releasee. A settlement agreement will only bar a plaintiff from bringing claims against someone who is not a party to the agreement "if the parties to the settlement agreement in the first suit intended to release the non-party." Diamond Nail & Spa was not a party to the 2019 Action Settlement Agreement, and that agreement does not reflect an intention to release plaintiff's claims against Diamond Nail & Spa. Rather, Lu clarified that he intended to include an entity named "Diamond Nail Salon, LLC" in the resolution of his claims. That entity appears as a registered business in the Connecticut Secretary of the State's business database with the Business ALEI 0960792. The defendant in this action is Diamond Nails & Spa CT Inc., which appears as a registered business in the Connecticut Secretary of the State's business database with the Business ALEI 1337794. These are two different entities. The release of one does not release the other.

3

Ruling on Mot. to Dismiss, ECF. No 72 at 9 (citations omitted).

Defendants raise multiple arguments in their motion for summary judgment, however, most are duplicative and have already been addressed and rejected in the Court's denial of Defendants' motion to dismiss. In support of summary judgement, Defendants list the following arguments.

> First, the claims of Shangming Lu have been waived, settled and compromised in full in relation to the Prior Action brought by the Plaintiffs.
>
> Second, the Prior Action has gone to trial and judgment, with a finding of liability for the theories of recovery asserted against the Defendants in this action, thus, precluding judgment under the doctrines of res judicata and collateral estoppel.
>
> Additionally, the undisputed facts prove the the [sic] Defendants' First, Second, Seventh, Eighth, Thirteenth, Twenty Second, Twenty Third and Twenty Fourth Special Defenses. As to the First Special Defense for failure to state a claim, it logically follows that the doctrine of res judicata in addition to Plaintiff Lu's settlement provide that the Plaintiffs cannot. Moreover, the Plaintiffs have sued a non-entity (see, infra, Eighth Special Defense) in addition to asserting New York Labor Law Claims in a Connecticut Court.
>
> As to the failure to join necessary parties, the judgment in the prior action demonstrates this much, thus proving the Second Special Defense. Shangming Lu's Court approved settlement prevented the authorization to continue this case in his name. Moreover, it establishes the Defendants' Seventh, Twenty Second, Twenty Third and Twenty Fourth Special Defenses.
>
> As to the Eighth Special Defense, the Complaint comprehensively, and repeatedly beyond the caption, names a Defendant that cannot legally exist per Connecticut Law (CGS §35-1)."

Mem. in Supp. of Mot. for Summ. J., ECF No. 83-1 ("Mem.") at 1–2. Defendants' arguments that this case cannot go forward because of the Prior Action brought by Plaintiffs have already been rejected. Ruling on Mot. to Dismiss, ECF No. 72 at 8 ("Diamond Nail & Spa moves to

4

dismiss plaintiffs' Complaint on the grounds that 'the claims in the Instant Matter are (1) settled as to Plaintiff Shangming Lu; (2) are barred by the Prior Pending Action Doctrine; and (3) are barred by the applicable statutes of limitations.' Each argument fails.") (citation omitted).

"The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000). And "[i]n determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions." *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (citations omitted).

Instead of the prior pending action doctrine, Defendants now raise claim preclusion. But for the same reasons that the prior pending action doctrine did not bar this claim, neither does claim preclusion. *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019) ("The vital difference between the rule against duplicative litigation and the doctrine of claim preclusion, however, is that the former can only be raised to bar one of two suits that are both still pending; the latter is generally raised, after a prior suit is resolved on the merits, to preclude a party (or its privy) from relitigating claims in a subsequent suit that were or could have been raised in the prior action. . . . Just as we typically do not allow the doctrine of claim preclusion to bind nonparties to a judgment because they have 'not had a full and fair opportunity to litigate the claims and issues settled in that suit,' we generally do not apply the rule against duplicative litigation when the defendants in two similar actions are different. Indeed, a plaintiff has 'as many causes of action as there are defendants to pursue.'") (citing cases in footnotes); *see also Pagan v. Colon*, No. 3:21-CV-1715 (KAD), 2022 WL 834382, at *1 (D. Conn. Mar. 21, 2022) ("The rule is properly invoked if the actions are the same, *i.e.*, there

5

must be the same parties . . . the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis of the relief sought must be the same. This practice, commonly referred to as the prior pending action doctrine, is intended to avoid conflicting judgments and promote judicial economy.") (citations and quotations omitted).

In this case, in "declin[ing] to dismiss this matter under the prior pending action doctrine[,]" the Court already noted that "[i]f the Court were to dismiss this action, plaintiff Lliguicota would surely move to add the defendants named in this action to the 2019 Action, requiring discovery to be reopened, and delaying resolution of that matter." Ruling on Mot. to Dismiss, ECF No. 72 at 12. Thus, the Court will also reject Defendants' argument that Plaintiffs failed to join a necessary party to the prior action.

As to Defendants' argument that "Plaintiffs improperly name the Corporate Defendant as a d/b/a" which is in violation of Conn. Gen. Stat. §35-1,[1] Mem. at 18, "DIAMOND NAIL & SPA CT INC. is a domestic corporation formed in the State of Connecticut." Mem in Opp. of Def. Rule 56 Mot. for Summ. J., ECF No. 86 at 9.

Accordingly, summary judgment is not appropriate and the Court will deny Defendants' motion.

---

[1] In relevant part, Conn. Gen. Stat. §35-1 states:

> No person, except as provided in this subsection, shall conduct or transact business in this state, under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed, in the office of the town clerk in the town in which such business is or is to be conducted or transacted, a certificate stating the name under which such business is or is to be conducted or transacted and the full name and post-office address of each person conducting or transacting such business or, in the case of a corporation or limited liability company using such an assumed name, its business name, business identification number and principal office address as reflected on the records of the Secretary of the State.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment **DENIED.**

SO ORDERED at New Haven, Connecticut, this 15th day of March, 2024.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE