UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA OLGA LLIGUICOTA,<br>*Plaintiff*,<br><br>v.<br><br>DIAMOND NAIL & SPA CT INC, et al.,<br>*Defendants*. | No. 3:21-cv-1073 (VAB) |

**RULING AND ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS**

Maria Olga Lliguicota ("Plaintiff"), having succeeded at trial, moves for attorney's fees and costs for her counsel, Troy Law, PLLC ("Troy Law"), in this Fair Labor Standards Act ("FLSA") action.

For the following reasons, Troy Law's Motion for attorneys' fees and costs is **GRANTED**.

A total of **$33,639.93** is awarded in attorneys' fees and costs.

I.      **Factual and Procedural Background**

The Court assumes familiarity with the facts of the case and will only summarize the facts relevant to the issue of attorneys' fees.

Troy Law represented Maria Olga Lliguicota and Shangming Lu in a FLSA class action against Diamond Nail & Spa CT Inc., Yan Zhi Liu, and Yue Zhu Chen. *See* Complaint, ECF No. 1 (Aug. 09, 2021).

1

On July 9, 2024, A satisfied settlement mooted out Shangming Lu's claim, and his case was dismissed. *See* Order, ECF No. 112 (July 9, 2024).

Lliguicota proceeded to a jury trial on her claims, held on July 9, 2024. *See* Minute Entry, ECF No. 114 (July 9, 2024).

The jury returned a special verdict in favor of the Lliguicota but only against Diamond Nail & Spa CT, Inc, as Yan Zhi Liu and Yue Zhu Chen, the other Defendants, were not found to be liable successors in this action. *See* Jury Verdict, ECF No. 116 (July 10, 2024).

Judgement was entered in favor of Lliguicota against Diamond Nail & Spa CT Inc. *See* Judgement, ECF No. 122 (Sept. 30, 2024).

On August 15, 2024, Lliguicota moved for attorney fees and costs requesting a total of $33,639.93 in attorney fees and costs. *See* Motion for Attorney Fees and Costs, ECF No. 119 (Aug. 15, 2024); Affidavit re Motion for Attorney Fees and Costs, ECF No. 120 (Aug. 15, 2024) ("Decl."); Memorandum in Support, ECF No. 121 (Aug. 15, 2024) ("Mem.").

## II. DISCUSSION

### A. Entitlement to Attorneys' Fees and Costs

Under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"), successful plaintiffs are entitled to recover "reasonable" attorneys' fees. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); Conn. Gen. Stat. §§ 31-68 ("employee shall recover, in a civil action, [. . .] costs and such reasonable attorney's fees as may be allowed by the court").

Connecticut courts define the "prevailing party" as the one in whose favor the judgement is entered. *Russell v. Russell*, 882 A.2d 98, 107 (Conn. 2005) ("Our Supreme Court and this court [. . .] repeatedly have cited favorably the following definition of a prevailing party: '[A] party in whose favor a judgment is rendered, regardless of the amount of damages awarded'") (quoting *Frillici v. Westport*, 823 A.2d 1172, 1184 (Conn. 2003); *Wallerstein v. Stew Leonard's Dairy*, 780 A.2d 916, 919 (Conn. 2001).

Even "if [a] party obtains judgment on even a fraction of the claims advanced, or is awarded only nominal damages, the party may nevertheless be regarded as the 'prevailing party.'" *Simms v. Chaisson*, 890 A.2d 548, 552 (Conn. 2006) (quoting *Russell*, 882 A.2d at 107). The Supreme Court of Connecticut has stated, that "it is difficult to see why one who has secured a judgment of the court in his favor should not be viewed as a party who has prevailed in the action in question, irrespective of the route by which he received that judgment[.]" *Wallerstein*, 780 A.2d at 919.

Here, Plaintiff argues they were the "prevailing party [because they] received a judgement in their favor." Mem. at 6.; *see also* Judgement, ECF No. 122 (Sept. 30, 2024).

The Court agrees.

Having received a beneficial judgment as to the issue of successor liability, Plaintiff is a prevailing party. *See e.g.*, *Simms,* 890 A.2d at 558 (finding that plaintiffs were the prevailing party where they established defendant's liability); *Wallerstein v. Stew Leonard's Dairy*, 780 A.2d 916, 921 (Conn. 2001) (finding that the plaintiff was the prevailing party where the defendant accepted an offer of judgement stating their liability); *see generally Farrar v. Hobby,* 506 U.S. 103, 111 (1992) (finding that a prevailing party is one which has "obtain[ed] an

enforceable judgment against the defendant from whom fees are sought," that "directly benefit him at the time of the judgment").

Accordingly, as a prevailing party, Plaintiff is entitled to receive attorney's fees and costs.

### B. Reasonable Amount of Attorneys' Fees

The Second Circuit modified its traditional "lodestar" approach for a "presumptively reasonable fee" determination. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) ("In *Arbor Hill*,[1] this Court proposed the use of a modified version of the lodestar approach and recommended abandonment of the term 'lodestar' for the alternative term 'presumptively reasonable fee.' In brief, the Court suggested that a district court's efforts to approximate the reasonable fee that a competitive market would bear—the implicit goal of the lodestar approach—would be better served by considering case-specific 'reasonableness' factors earlier in the calculation.") (citation omitted).

In applying the presumptively-reasonable-fee standard; the district court is to multiply the hours reasonably expended by a reasonable hourly rate. *See McDaniel v. Cty. of Schnectady*, 595 F.3d at 417 n.2. To do so, a district court "engage[s] in a four-step process: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Silver v. Law Offices Howard Lee Schiff, P.C.*, No. 3:09-cv-912 (PCD), 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010). A district court must also consider the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d

---

[1] 522 F.3d 182 (2d Cir. 2008).

182, 186 (2d Cir. 2008) (reciting the twelve Johnson factors, including, inter alia, "the time and labor required" and "whether the fee is fixed or contingent").

Moreover, when faced with a request for higher out-of-district rates for attorney's fees, a district court must:

> [F]irst apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise. A litigant cannot overcome the presumption through mere proximity of the districts, nor can a litigant overcome the presumption by relying on the prestige or "brand name" of her selected counsel. . . . The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result.

*Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175–76 (2d Cir. 2009).

Plaintiff argues that their application for attorneys' fees is reasonable based upon reasonable hours worked and reasonable hourly rates. Mem. at 6. They also argue that the application of higher out-of-district attorneys' fees is appropriate because "there are other qualified practitioners of wage and hour law in this District and elsewhere, few have the experience, expertise, and language skill necessary to effectively prosecute cases requiring an outlay of up-front costs." *Id.* at 9–10.

The Court agrees.

Based on the hourly rates awarded routinely in other cases in this District, the hourly rates sought here are slightly above the norm. *See Howell v. Yale Univ.*, No. 3:22-CV-01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding $300 for a partner and $200 for a first-year associate and finding that "Courts in this district generally approve hourly rates

5

between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases") (citing *Faniel v. PAFY, Inc.*, No. 3:20-cv-387 (VLB) (TOF), 2022 WL 1212813, at *8 (D. Conn. Feb. 14, 2022); *Tahirou v. New Horizon Enterps., LLC*, No. 3:20-cv-281 (SVN) (TOF), 2022 WL 510044, at *8 (D. Conn. Feb. 21, 2022); *Shea v. Sieunarine*, No. 3:21-cv-673 (JCH) (TOF), 2022 WL 3359155, at *4 (D. Conn. Aug. 15, 2022)); *Wei v. Sichuan Pepper, Inc.*, No. 3:19-CV-00525 (JBA), 2022 WL 385226, at *20 (D. Conn. Jan. 17, 2022), *report and recommendation adopted sub nom. Wei v. Sichuan Pepper*, No. 3:19-CV-525 (JBA), 2022 WL 382019 (D. Conn. Feb. 7, 2022) (awarding Troy Law $35,918.40 in total attorneys' fees, with John Troy's rate at $375 per hour, Aaron Schweitzer at $175 per hour, Tiffany Troy (paralegal at the time) at $140 per hour, and Preethi Kilaru at $140 per hour); *Culpepper v. Bank of Am., Nat'l Ass'n*, No. 3:17-CV-264 (VAB), 2019 WL 13171053, at *5 (D. Conn. Dec. 23, 2019) ("Courts in this District have routinely awarded attorneys' fees in FLSA cases around $300–$350 per hour.") *Gwendoline Aboah & Tania Stewart v. Fairfield Healthcare Services, Inc.,* No. 3:20-CV-00763 (SVN), 2023 WL 8807362, at *3 (D. Conn. Dec. 20, 2023) (awarding $400 for a partner, $225 for a senior associate, and $140 for a paralegal).

But, consistent with this Court's recent opinion in this case, *Lliguicota v. Diamond Nail Salon, LLC.*, No. 3:19-CV-02017 (VAB), 2024 WL 63219, at *4 n.4 (D. Conn. Jan. 5, 2024) ("the Court does not rule out in future cases applying [out-of-state] rates, or breaking from this District's standing tradition of limiting rates in these cases to the $300–$400 hourly rate range"), and given the specific language-related issues involved in providing legal representation here, as well as "the experience, expertise, and language skill necessary to effectively prosecute cases requiring an outlay of up-front costs," brought by counsel here *id.* at 10–11, Plaintiffs have sufficiently shown the appropriateness of awarding hourly rates slightly above this District's

normal range. *Cf Simmons*, 575 F.3d 170 at 175 (concluding that in order to receive an attorneys' fee award based on higher out-of-district rates, "[t]he party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result."); *Perez v. Brunelle*, No. 3:23-CV-00537 (VAB) (D. Conn. Oct. 2, 2024) (order permitting counsel to decline *pro bono* representation because of the law firm's lack of in-house language capacity).

As a result, John Troy will be awarded an hourly rate of $450; Aaron Schweitzer will be awarded an hourly rate of $300, and half rate of $150; Preethi Kilaru will be awarded an hourly rate of $150; and Tiffany Troy will be awarded an hourly rate of $200.

As for the reasonableness of the hours expended on the case, having reviewed the submissions by counsel, and in the absence of any objection to their reasonableness, the hours sought by Plaintiff's counsel will be awarded in full.

Accordingly, attorney's fees in the amount of **$32,355.09** is awarded, and is owed to counsel for the Plaintiff.

C.  **Reasonable Amount of Attorney's Costs**

The decision to award costs "rests within the sound discretion of the district court." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

Troy Law requests a total of $1,284.84 in costs to cover "court filing fees as well as expenses incurred for case filing, research, postage, process servers, transcript, Plaintiffs' transportation and accommodation relevant to the case, and hiring a Spanish interpreter for depositions and trial." Mem. at 13. Troy Law provided documentation for such costs. *See* Ex. 1, ECF No. 120-1; Ex. 2, ECF No. 120-2.

The Court agrees.

Having reviewed the costs sought, and the basis for them, as well as in the absence of any objection to their reasonableness, the Court finds them to be reasonable and awards **$1,284.84** in costs.

Accordingly, in attorney's fees and costs, a total of **$33,639.93** is awarded.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**.

A total of **$33,639.93** is awarded in attorneys' fees and costs.

The Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED** at New Haven, Connecticut, this 11th day of October, 2024.

      /s/ Victor A. Bolden

Victor A. Bolden
United States District Judge